IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TAVON BUSH, #359-548 | * | |
| GUY SHANNON, # 201-038 | | |
| Plaintiffs | * | |
| | | |
| v | * | Civil Action No. RDB-12-957 |
| | | |
| DEPARTMENT OF PUBLIC SAFETY | * | |
| AND CORRECTIONAL SERVICES, and | | |
| JOHN S. WOLFE, Warden | * | |
| | | |
| Defendant(s) | * | |

**MEMORANDUM OPINION**

Before the Court is a motion for a preliminary injunction filed by self-represented Plaintiffs Tavon Bush and Guy Shannon. Plaintiffs have neither submitted the filing fee nor filed a motion to proceed in forma pauperis, but will be granted leave to proceed in forma pauperis for the limited purpose of preliminary review. For reasons to follow the motion for injunctive relief will be denied and this case will be dismissed without prejudice.

Plaintiffs are incarcerated at Jessup Correctional Institution and complain generally that prison officials place inmates in handcuffs to inflict pain. As relief, they ask this Court to order Defendants to provide them as well as other inmates in disciplinary confinement with at least one full hour of out-of-cell exercise per day and other recreational opportunities. Plaintiffs do not claim, however, that they personally have been improperly handcuffed, placed in allegedly improper conditions of confinement, or have suffered injury in consequence. Further, to the extent Plaintiffs intend to bring this action on behalf of other inmates, they may not do so. Unless they are members of the bar of this Court, Plaintiffs may represent only themselves.

A preliminary injunction is an extraordinary and drastic remedy, see *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008), requiring a movant to demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. See *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 130 S. Ct. 2371 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam). Plaintiffs fail to meet this standard. They do not allege that they have been subjected to the improper conditions, have suffered any harm, or are likely to suffer irreparable harm unless the relief requested is granted. Accordingly, preliminary injunctive relief will be denied and this case will be summarily dismissed without prejudice.

In the event Plaintiffs want to continue to pursue their individual claims, they may do so by separately filing prisoner civil rights complaints. They are reminded that they may represent only themselves. Further, they must state in their complaints how the misconduct alleged caused them harm. Plaintiffs are also required to provide the $350.00 filing fee or file a Motion to Proceed in Forma Pauperis when they file a complaint. An Order consistent with this Memorandum Opinion follows.

| | |
|---|---|
| \_\_\_\_5/2/12\_\_\_\_ | \_\_\_/s/_____ |
| Date | RICHARD D. BENNETT<br>UNITED STATES DISTRICT JUDGE |

2